UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC CARMONA JR.,<br><br>                          Defendant. | Case No.: 3:24-cr-00174-JES<br><br>**ORDER DENYING MOTION TO DISMISS INDICTMENT**<br><br>**[ECF No. 36]** |

## I.    INTRODUCTION

Defendant Eric Carmona Jr. was arrested for unlawful possession of a handgun (Glock, .45 caliber, with an obliterated serial number), which was loaded with ten rounds of ammunition, and a thirteen-round magazine inside of the magazine well. Defendant was ultimately charged with possessing a handgun as a felon in a one-count Indictment under 18 U.S.C. § 922(g)(1). ECF No. 1.

Prior to his arrest, Defendant previously had been convicted of three felony offenses for: (1) vandalism, in violation of California Penal Code § 594(a) in 2018, for which he

was sentenced to sixteen months in prison; (2) unlawful possession of a controlled substance for sale in violation of California Health & Safety Code § 11378 in 2019, for which he was sentenced to two years in prison; and (3) grand theft from a person in violation of California Penal Code § 487(c) in 2022, for which he was sentenced to sixteen months in prison.

On February 16, 2025, Defendant filed a Motion to Dismiss Indictment, challenging 18 U.S.C. § 922(g)(1)'s constitutionality. ECF No. 36. For the foregoing reasons, Defendant's motion is **DENIED**.

## II.  LEGAL STANDARD

In *District of Columbia v. Heller*, the United States Supreme Court struck down a District of Columbia law banning possession of handguns in the home on the basis that the Second Amendment protects the individual right to bear arms. 554 U.S. 570, 625, 635 (2008). However, the Court counseled that this right is not unlimited and that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons …" which the Court described as "presumptively lawful." *Id.* at 626, 627 n. 26. Once again in *McDonald v. City of Chicago*, the Court reiterated that *Heller* "did not cast doubt on such longstanding regulatory measures such as 'prohibitions on the possession of firearms by felons…'" 561 U.S. 742, 786 (2010). The Ninth Circuit, relying on *Heller*, has repeatedly held that 18 U.S.C. § 922(g)(1) does not violate the Second Amendment. *See, e.g., United States v. Phillips*, 827 F.3d 1171, 1175 (9th Cir. 2016); *Van Der Hule v. Holder*, 759 F.3d 1043, 1051 (9th Cir. 2014); *United States v. Vongxay*, 594 F.3d 1111, 1118 (9th Cir. 2010).

In June 2022, the Supreme Court announced the proper test for whether a regulation violates the Second Amendment as follows: "[W]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022).

Thus, the issue before this Court is whether *Bruen*, in stating a new test for assessing the constitutionality under the Second Amendment, repudiated *Heller* and other pre-*Bruen* Ninth Circuit precedent regarding the constitutionality of Section 922(g)(1). "[W]here the reasoning or theory of [a] prior circuit authority is clearly irreconcilable with the reasoning or theory of intervening higher authority," that precedent should be rejected as having been "effectively overruled." *Miller v. Gammie*, 335 F.3d 889, 890, 893 (9th Cir. 2003) (en banc). "It is not enough for there to be some tension between the intervening higher authority and prior circuit precedent, or for the intervening higher authority to cast doubt on the prior circuit precedent." *Close v. Sotheby's, Inc.*, 894 F.3d 1061, 1073 (9th Cir. 2018) (citation omitted). "So long as the court can apply [the] prior circuit precedent without running afoul of the intervening authority it must do so." *Id.* (citation omitted).

### III.   DISCUSSION

Defendant argues that *Bruen* is irreconcilable with *Vongxay*, and therefore overruled the Ninth Circuit's ruling in *Vongxay* that Section 922(g)(1) is consistent with the Second Amendment. *See* Def. Mot. to Dismiss at 4; *see also Vongxay*, 594 F.3d at 1116-18. To support his argument, Defendant relies on *United States v. Duarte* in which the Ninth Circuit concluded that *Vongxay* failed to apply the test announced in *Bruen*. 101 F.4th 657, 666 (9th Cir. 2024). After the United States Supreme Court ruled in *United States v. Rahimi*, 602 U.S.----, 144 S.Ct. 1889 (2024)[1], the Ninth Circuit granted a rehearing en banc in *Duarte*. *Duarte*, 101 F.4th 657, *reh'g en banc granted, op. vacated*, 2024 WL 3443151 (9th Cir. July 17, 2024). Because the Ninth Circuit vacated the three-judge panel decision in *Duarte*, as of now, it is not binding. Consequently, *Vongxay* remains controlling authority.

---

[1] *Rahimi* has no effect on this analysis. While *Rahimi* concerned a prohibited person who had perpetrated domestic violence, the Court reaffirmed the presumptive prohibitions on possession of firearms by felons. *See Rahimi*, 144 S.Ct. at 1902 ("nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons").

Even so, the Court finds that it can apply pre-*Bruen* precedent regarding the constitutionality of Section 922(g)(1) without running afoul of *Bruen*. In *Bruen*, the majority stated that its holding is "in keeping with *Heller*." 597 U.S. at 17. Similarly, Justice Alito, writing concurrence, noted that *Bruen* "decides nothing about who may lawfully possess a firearm," and disturbed nothing from *Heller* "about restrictions that may be imposed on the possession or carrying of guns. *Id.* at 72 (Alito, J., concurring). Justice Kavanaugh, writing in concurrence joined by Chief Justice Roberts, reiterated that "the Second Amendment allows a 'variety' of gun regulations," including "presumptively lawful regulatory measures" such as "prohibitions on the possession of firearms by felons." *Id.* at 80-81 (Kavanaugh, J., concurring). Writing in dissent, Justice Breyer stated that *Bruen* "cast[s] no doubt on" *Heller's* treatment of laws prohibiting possession of firearms by felons. *Id.* at 129 (Breyer, J., dissenting). While *Vongxay* did not employ the historical analysis outlined by *Bruen*, it relied upon the "longstanding prohibitions on possession of firearms by felons." *United States v. Guthery*, No. 2:22-cr-00173-KJM, 2023 WL 2696824, at *4 (E.D. Cal. Mar. 29, 2023). Accordingly, *Vongxay* is not overruled by *Bruen*, and this Court is bound by that precedent.

Further, since *Bruen*, numerous courts in the Ninth Circuit and across the country have rejected challenges by criminal defendants to the constitutionality of Section 922(g)(1). *See, e.g., United States v. Perez*, No. 3:21-cr-508-CAB-1, 2022 WL 17484969, at *2 (S.D. Cal. Sep. 26, 2022); *United States v. Hill*, 629 F.Supp.3d 1027, 1029-1030 (S.D. Cal. 2022); *United States v. Cardiel*, No. 1:22-cr-00041 NODJ BAM, 2024 WL 3984002, at *6 (E.D. Cal. Aug. 29, 2024); *United States v. Moore*, No. 3:20-cr-00474-IM-1, 2023 WL 154588, at *2 (D. Or. Jan. 11, 2023); *see also United States v. Butts*, No. CR 22-33-M-DWM, 2022 WL 16553037, at *4 n. 4 (D. Mont. Oct. 31, 2022) (collecting cases). In keeping with these decisions, this Court now finds that the prohibition on the possession of firearms by felons found in Section 922(g)(1) does not violate the Second Amendment.

/ / /

/ / /

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss the Indictment is **DENIED**.

**IT IS SO ORDERED**.

Dated:  March 18, 2025

Honorable James E. Simmons Jr.
United States District Judge